IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENTRICE McFADDEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | NO. 14-6828 |

**ORDER**

**AND NOW**, this 1st day of March, 2016, upon consideration of Plaintiff's Motion for Summary Judgment in connection with her Request for Review (Docket No. 9), Defendant's Response thereto, Plaintiff's Reply, the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 12), Plaintiff's Objections thereto (Docket No. 14), and Defendant's Response to the Objections, **IT IS HEREBY ORDERED** as follows:

1.  Plaintiff's Objections are **OVERRULED**.[1]

---

[1] The ALJ in this case denied Plaintiff's request for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, finding that Plaintiff suffers from two severe mental impairments, but that the impairments do not meet or medically equal any listed impairment, and that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, with only non-exertional limitations. In her Motion for Summary Judgment, Plaintiff argues, inter alia, that the ALJ erroneously gave more weight to the opinion of the state agency non-examining doctor, Dr. Alex Siegel, Ph. D., than she gave to the opinions of the consultative examiner, Robin Lowey, Ph.D., and Plaintiff's therapist, Joanna Smutzler, LSW, MPH. She also argues that the ALJ erred in asking a hypothetical question of the vocational expert that did not adequately account for Plaintiff's impaired concentration and attention. Magistrate Judge Caracappa recommends in her Report and Recommendation ("R&R"), however, that the ALJ properly reviewed the opinion evidence in the context of the evidence as a whole, and that the hypothetical question was properly framed. Plaintiff has now objected to both of these aspects of the Report and Recommendation. We review de novo the portions of the R&R to which objections have been made. 28 U.S.C. § 636(b)(1).

In her first objection, Plaintiff argues that neither the ALJ nor the Magistrate Judge gave "specific weight" to Ms. Smutzler's treatment notes and a residual functional capacity questionnaire that Ms. Smutzler completed on August 2, 2013, and that it was error for the ALJ to instead give controlling weight to Dr. Siegel's opinion. However, as the Magistrate Judge properly noted, the ALJ issued her decision on May 31, 2013, and Ms. Smutzler did not complete the questionnaire until August 2, 2013. Consequently, it was impossible for the ALJ to consider

    2.        The Report and Recommendation is **APPROVED** and **ADOPTED**.

    3.        Plaintiff's Request for Review and Motion for Summary Judgment are **DENIED**.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

---

the questionnaire, and we likewise may not consider the questionnaire on review. See Fricker v. Halter, 45 F. App'x 85, 87 (3d Cir. 2002) (establishing that a district court may not consider evidence that was not before the ALJ (citing Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001))). We also find no error in the ALJ's treatment of Ms. Smutzler's treatment notes. The record is clear that the ALJ considered the notes because she referenced many of them in her decision. (R32-33.) Moreover, the ALJ adequately explained that the treatment notes supported Dr. Siegel's opinion that Plaintiff could "meet the basic mental demands of simple, unskilled work on a sustained basis despite the limitations resulting from her impairments," rather than supporting any contrary position that Plaintiff advocated. (R34, R439.) Accordingly, we overrule Plaintiff's objection to the Magistrate Judge's recommendations regarding the ALJ's weighing of the opinion evidence in this case.

    In her second objection, Plaintiff takes issue with the Magistrate Judge's recommendation that the ALJ did not err in failing to include Plaintiff's limitation in concentration and attention in the hypotheticals that she asked the VE. However, as the Magistrate Judge correctly observed, the hypothetical question that the ALJ posed to the VE, which limited Plaintiff to "simple, routine tasks," properly accounted for Plaintiff's moderate limitations in concentration, persistence and pace under the law in this Circuit. See McDonald v. Astrue, 293 F. App'x 941, 946-47 (3d Cir. 2008) (citation omitted); see also Suarez v. Astrue, 996 F. Supp. 2d 327, 329 n.1 (E.D. Pa. May 8, 2013) (citing Douglas v. Astrue, Civ. A. No. 09-1535, 2011 WL 482501, at *4-5 (E.D. Pa. Feb. 4, 2011)). We therefore overrule this objection as well, and approve and adopt the Report and Recommendation.